
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 6348 | **DATE** | 8/18/2004 |
| **CASE TITLE** | Directv, Inc. vs. Matalas | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter Memorandum Opinion and Order denying defendant's motion to dismiss (11-1). Pretrial order will be due by 9/30/04; and response to any motions in limine by 10/14/04. Pretrial conference set for 11/5/04 at 5:00 p.m. The case is placed on the court's January pooled trial calendar beginning 1/4/05 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | **Document Number** |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | AUG 19 2004 date docketed | |
| | Notified counsel by telephone. | | | 16 |
| | Docketing to mail notices. | | rbf docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | | |
| | Copy to judge/magistrate judge. | | 8/18/2004 date mailed notice | |
| MPJ | courtroom deputy's initials | 2004 AUG 18 PM 4:16 Date/time received in central Clerk's Office | MPJ6 mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

AUG 1 9 2004

DIRECTV, INC.,

        Plaintiff,

v.

LEO MATALAS, DENNIS CHENGARY, KEN
KRITZ, KEN LAKIN, IVONNE LOVE,
LEOBARDO CAMPO, AND ANICA ROTI,

        Defendants.

No. 03 C 6348

Judge Bucklo

## MEMORANDUM OPINION AND ORDER

Plaintiff DirecTV is a California corporation in the business of distributing satellite television broadcasts throughout the United States. DirecTV alleges that defendants Leo Matalas, Dennis Chengary, Ken Kritz, Ivonne Love, Leobardo Ocampo, and Anica Roti purchased and used illegal devices for the purpose of intercepting DirecTV's television signals. Specifically, DirecTV alleges violations of 47 U.S.C. § 605(e)(3)(C), Count I; 18 U.S.C. § 2511, Count II; and 18 U.S.C. § 2512, Count III; and 47 U.S.C. § 605(e)(4), Count IV. DirecTV also alleges civil conversion by the defendants, Count V. Defendant Leo Matalas now moves to dismiss Counts III and V against him pursuant to Fed. R. Civ. P. 12(b)(6). I DENY that motion.

On a motion to dismiss, I accept all well-pleaded allegations in the complaint as true, *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997), and grant the motion only if the

plaintiff can prove no set of facts to support the allegations in his claim. *Strasburger v. Bd. of Educ.*, 143 F.3d 351, 359 (7th Cir. 1998).

Count III alleges that Mr. Matalas knowingly possessed, manufactured, or assembled devices, which had been sent through the mail and which are primarily useful for surreptitious interception of electronic communications, in violation of 47 U.S.C. § 2512. Count III also incorporates by reference earlier allegations that Mr. Matalas intercepted, disclosed, and/or intentionally used DirecTV's electronic communications. Mr. Matalas argues that § 2512 provides only criminal, not civil, liability, and thus DirecTV has not stated a claim.

While it is true that § 2512 does not itself provide for civil liability, § 2520 provides for civil liability for a violator of § 2512. The section states that "any person whose wire, oral, or electronic communications is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520(a). Mr. Matalas argues that the phrase "intercepted, disclosed, or intentionally used" limits civil liability to those sections of the chapter that involve those types of violation. Since § 2512 does not prohibit interception,

disclosure, or use of electronic communications, Mr. Matalas argues that § 2520 does not furnish civil liability.

This court's interpretation of § 2520 differs from that of Mr. Matalas. Mr. Matalas relies heavily on *Flowers v. Tandy Corp.*, 773 F.2d 585 (4th Cir. 1985), to support his argument. The *Flowers* court held that § 2520 did not provide civil liability for a violation of § 2512. *Id.* at 589. However, *Flowers* was decided before the 1986 amendment of § 2520, an amendment which broadened the scope of civil liability provided by the section. Subsequent decisions based on *Flowers* are subject to that same flaw.

The phrase "intercepted, disclosed, or intentionally used" refers not to who may be civilly liable for a violation of the chapter, but to who has standing to bring such an action. Once the plaintiff, here DirecTV, has met that standing requirement, it may seek recovery for any violation of Chapter 119 of Title 18 of the U.S. Code, which includes sections 2510 through 2522.[1] This court is not alone in this interpretation of § 2520. *See, e.g., DirecTV v. Dillon*, No. 03-C8578, 2004 U.S. Dist. LEXIS 7229, at *7 (N.D. Ill. Apr. 27, 2004)(Aspen, J.); *DirecTV V. Dyrhaug*, No. 03-C8389, 2004 U.S. Dist. LEXIS 5008, at *4 (N.D. Ill. Mar. 25, 2004) (Shadur, J.); *DirecTV v. Perez*, 279 F. Supp. 2d. 962, 964 (N.D. Ill. 2003) (Coar, J.); *DirecTV v. EQ Stuff, Inc.*, 207 F. Supp. 2d

---

[1] Section 2520 provides for one exception, for violations of § 2511(2)(a)(ii). That exception does not apply in this case.

1077, 1084 (C.D. Cal. 2002); *Oceanic Cablevision, Inc. v. M.D. Electronics*, 771 F. Supp. 1019, 1027-29 (D. Neb. 1991); *but see, e.g., DirecTV v. Delaney*, No. 03-C3444, 2003 U.S. Dist. LEXIS 24262, at *10 (N.D. Ill. Nov. 20, 2003) (Kocoras, J.) (finding no private right of action for possession under § 2512).

DirecTV alleges that Mr. Matalas has "intercepted, disclosed, or intentionally used" its electronic communications. That allegation is incorporated by reference into Count IV, enabling DirecTV to meet its standing requirement under § 2520. DirecTV's further allegations state a violation of § 2512: that Mr. Matalas knowingly manufactured, assembled, possessed, or sold devices, sent through the mail, primarily useful for surreptitious interception of electronic communications. This violation is within the category of violations for which § 2520 provides civil liability. The motion to dismiss Count III is DENIED.

In order to state a claim for conversion, DirecTV must allege that it has a right to the disputed property, it has an absolute and unconditional right to immediate possession of the property, it has made a demand for possession, and defendants have wrongfully and without authorization assumed control, dominion, or ownership over the property. *Cirrincione v. Johnson*, 103 N.E.2d 67, 70 (Ill. 1998). Mr. Matalas argues that control, dominion, or ownership may only be exerted over an identifiable, tangible object of property, and that therefore no action can lie for conversion of DirecTV's

4

electronic signals. Courts in this district are split on the question, but viewing the allegations of the complaint in the light most favorable to DirecTV, as I must at this stage, I find that satellite signals are sufficiently tangible property to support a claim for conversion. See, e.g., *Dillon*, 2004 U.S. Dist. LEXIS 7229 at *13; *Dyrhaug*, 2004 U.S. Dist. LEXIS 5008 at *6; *Delaney*, 2003 U.S. Dist. LEXIS 24262, at *13. The motion to dismiss Count V is DENIED.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: 8-18-04